THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Sylvia Harrington, Claimant,       
Appellant,
 
 
 

v.

 
 
 
Hopewell Health Care Center, Employer and
RSKCo., Carrier,        Respondents.
 
 
 

Appeal From Sumter County
Thomas W. Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2004-UP-533
Submitted October 1, 2004  Filed October 
 20, 2004

REVERSED AND REMANDED

 
 
 
Stephen B. Samuels, of Sumter, for Appellant.
Ellen H. Goodwin, of Columbia, for Respondents.
 
 
 

PER CURIAM:  In this workers compensation 
 case, Sylvia Harrington appeals the South Carolina Workers Compensation Commissions 
 denial of her Form 15 request for a hearing to determine whether she was entitled 
 to further temporary compensation payments.  We reverse and remand. 
 [1] 
FACTS AND PROCEDURAL HISTORY
Harrington worked as a nursing assistant 
 to the Hopewell Health Care Center.  On November 11, 2001, she sustained a compensable 
 injury to her left hand while turning a patient.  Although Hopewell accepted 
 her claim and paid medical benefits, Harrington missed no time from work as 
 a result of this injury.
Harrington re-injured her left hand on 
 April 4, 2002, when a patient sat on her hand while she was placing the patient 
 into a wheelchair.  In addition to medical treatment for this injury, 
 Hopewell paid Harrington temporary total disability compensation.  It 
 appears undisputed that (1) Harrington began receiving temporary total disability 
 compensation on April 11, 2002; (2) Harrington was released by her treating 
 physician on September 9, 2002, to return to work in a regular and full duty 
 capacity; and (3) Hopewell paid no temporary total disability compensation 
 after September 25, 2002.
On January 9, 2003, Harrington, 
 through her attorney, filed a Form 15 with the Commission contesting the termination 
 of her total disability compensation and requesting a hearing to determine whether 
 she was entitled to have these benefits continue.  On January 14, 2003, 
 the Commission advised Harringtons attorney in writing that Harrington was 
 not entitled to a hearing.  The Commission stated it was denying the request 
 because the date Hopewell terminated benefits was outside the 150 day rule.  

On February 13, 2003, Harrington appealed 
 the denial of her hearing request to the circuit court.  The circuit court heard 
 arguments in the matter on March 11, 2003.  On July 14, 2003, the circuit 
 court filed an order dismissing Harringtons appeal.  In support of the dismissal, 
 the circuit court determined (1) the Commissions letter of January 14, 2003, 
 denying Harringtons request for a hearing was not a final decision; (2) the 
 Commissions refusal to schedule a Form 15 hearing did not amount to a deprivation 
 of Harringtons due process rights; and (3) Harrington failed to exhaust her 
 administrative remedies.  
LAW/ANALYSIS
1.  Harrington first contends 
 the circuit court erred in finding she failed to exhaust her administrative 
 remedies.  In support of this position, she argues that her use of Form 15 to 
 contest the termination of her benefits was proper and therefore an exhaustion 
 of her administrative remedies.  We agree.
Under administrative regulation 
 67-207, a claimant may request a hearing by filing a Form 15, Form 50, or 
 Form 52 with the Commissions Judicial Department. 
 [2]   Here, Harrington had filed a Form 15 with the Commission and indicated, 
 through the signature of her attorney in the appropriate space on the form, 
 that she did not agree with the termination of temporary compensation and was 
 requesting a hearing on the matter.  Even though, as the circuit court noted, 
 there may have been other means, such as a motion or petition or another form, 
 to request a hearing, the applicable administrative regulation requires that 
 she avail herself of only one of several enumerated methods.  It does not require 
 that she resort to the other methods if the first method does not yield the 
 desired result. [3] 
2.  We further agree with 
 Harrington that the Commissions denial of her Form 15 request violated the 
 procedural provisions of the Workers Compensation Act.  
South Carolina Code section 
 42-9-260 governs the procedure for suspending or terminating temporary disability 
 payments. [4]   Under paragraph (A) of this statute, an employer 
 may continue temporary disability payments for up to one hundred fifty days 
 from the date the injury . . . is reported without waiver of any grounds for 
 good faith denial. [5]   Within this one-hundred-fifty-day period, 
 the payments may be terminated or suspended immediately under certain conditions. [6] 
Pursuant to paragraph (F) 
 of section 42-9-260, [7] the Commission has adopted administrative regulation 
 67-505, which governs the procedure for terminating or suspending temporary 
 disability payments after the one-hundred-fifty-day period has expired.  If 
 an employer wants to suspend or terminate temporary total disability after one 
 hundred fifty days without the claimants consent, it must file a Form 21 to 
 request a hearing on the matter. [8] 
Under section 42-9-260(C), 
 a claimant whose disability payments have been terminated may request a hearing 
 within sixty days for reinstatement of these benefits. 
 [9]    This remedy is available whenever the disability payments have been 
 terminated or suspended pursuant to this section. [10]   It does not matter whether the employer ceased making payments 
 within the first one hundred fifty days after the injury or after that period 
 of time has elapsed.  
It appears that the Commission, 
 in denying Harringtons hearing request, placed undue emphasis on section II 
 of Form 15.  This section is used solely by the employer to unilaterally terminate 
 temporary disability compensation within the first one hundred fifty days after 
 receiving notice of the injury.  Consistent with section 42-9-260, the time 
 limit plainly refers only to the use of section II. 
 [11]   
Harrington, however, used 
 section III of Form 15 and, as expressly stated in this part of the form, the 
 signature of her attorney in this section indicated that she did not agree with 
 the termination of temporary compensation and was requesting a hearing to determinate 
 whether she was entitled to further temporary compensation payments.  Nowhere 
 on Form 15 is there any prohibition against using section III after one hundred 
 fifty days following notice to the employer of a work-related injury. 
 [12]   
CONCLUSION
The letter from the Commission 
 denying Harringtons request for a hearing was a final order and subject to 
 judicial review.  We further hold the Commissions denial of Harringtons Form 
 15 request for a hearing on her entitlement to continuation of her temporary 
 disability compensation violated the procedures mandated by section 42-9-260. 
 [13]   We therefore reverse the circuit court and remand this case to the 
 Commission for a Form 15 hearing.
REVERSED AND REMANDED.
GOOLSBY, ANDERSON, and 
 WILLIAMS, JJ., concur.

 
 
 [1]   Because oral argument would not aid the court in resolving the issues 
 on appeal, we decide this case without oral argument pursuant to Rule 215, 
 SCACR.

 
 
 [2]   25A S.C. Code Ann. Regs. 67-207 (Supp. 2003) (emphasis added).

 
 
 [3] See 73 C.J.S. Public Administrative Law and Procedure 
 § 39 n.80, at 459 (1983) (Exhaustion of remedies does not refer to reapplication 
 to the same council or board for an alternative form of relief from an already 
 promulgated adverse and final decision, especially when such suggested action 
 would be futile or useless.).  We further disagree with Respondents argument 
 that the letter Harrington received from the Commission denying her request 
 for a hearing does not constitute a final order of that body.  See 
 S.C. Code Ann. § 1-23-350 (1986) (stating the requirements for a final decision 
 or order adverse to a party in a contested case); id. § 1-23-360 (recognizing 
 that members or employees of an agency may be assigned to render a decision 
 or to make findings of fact and conclusions of law in a contested case); 
 73A C.J.S. Public Adminstrative Law and Procedure § 147, at 120 (1983) 
 (acknowledging that an administrative order need not be in any particular 
 form as long as it complies with statutory requirements).

 
 
 [4]   S.C. Code Ann. § 42-9-260 (Supp. 2003).

 
 
 [5]   Id. § 42-9-260(A).

 
 
 [6]   Id. § 42-9-260(B).

 
 
 [7]   Id. § 42-9-260(F).

 
 
 [8]   S.C. Code Ann. Regs. 67-505 (Supp. 2003).

 
 
 [9]   S.C. Code Ann. § 42-9-260(C) (Supp. 2003).

 
 
 [10] Id. (emphasis added).

 
 
 [11] See id. § 42-9-260(B) (stating the conditions under 
 which an employer may terminate or suspend temporary disability payments within 
 one hundred fifty days after such payments have begun).

 
 
 [12] We reject Respondents argument that Harringtons delay of more 
 than sixty days after the termination of her temporary total benefits renders 
 her argument moot.  The date of the hearing request controls, not the date 
 the benefits are stopped.  See S.C. Code Ann. § 42-9-260(C) (Supp. 
 2003) (An employee whose disability payments have been terminated or suspended 
 pursuant to this section may request a hearing to have the payments reinstituted.  
 The hearing must be held within sixty days of the date of the employees 
 request for a hearing.) (emphasis added).

 
 
 [13] We do not address the issue of whether the Commissions denial of 
 a hearing amounted to a deprivation of Harringtons constitutional right to 
 due process.